UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 5:21-cv-00959 |
| § | |
| RAUL ROMO RODRIGUEZ, d/b/a § | |
| ANR CONSTRUCTION § | |
| § | |
| Defendant. § | |

**THE UNITED STATES' ORIGINAL COMPLAINT**

The United States of America brings this action to recover civil penalties assessed against Defendant Raul Romo Rodriguez, d/b/a ANR Construction ("Rodriguez"). For its Complaint, the United States alleges as follows:

**PARTIES**

1. Plaintiff, the United States of America, acting through the Department of Justice on behalf of the Department of the Treasury and the Department of Labor, seeks to reduce to judgment civil penalties imposed against defendant by the Department of Labor, Occupational Safety and Health Administration ("OSHA").

2. Defendant Rodriguez was at all relevant times an employer under the Occupational Safety and Health Act of 1970, as amended, 29 U.S.C. §§ 651 to 678 ("the Act"). Rodriguez operates as a sole proprietorship providing, among other services, roof repair and contracting services in the State of Texas. Rodriguez may be served with process at his address of record, 1836 Leal Street, San Antonio, Texas 78207.

1

## JURISDICITION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 666(l) and 28 U.S.C. §§ 1331, 1345, 1355.

4. Venue is appropriate in this judicial district under 29 U.S.C. § 666(l) and 28 U.S.C. § 1391(b) and 1395(a) because the defendant resides in this district and a portion of the events giving rise to United States' claims occurred in this district.

## THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

5. OSHA, a federal administrative agency within the Department of Labor, is tasked with ensuring safe and healthful working conditions for workers by setting and enforcing standards and by providing training, outreach, education, and assistance. 29 U.S.C. §§ 651 *et seq.* This includes conducting inspections and investigations (29 U.S.C. § 657); identification of violations of occupational safety and health standards (29 U.S.C. §§ 654, 655); issuing citations as appropriate, including assessing for civil and/or criminal penalties (29 U.S.C. §§ 658, 666); and engaging in enforcement procedures as appropriate (29 U.S.C. § 659).

6. At all times relevant to this complaint, OSHA conducted inspections and investigations to ensure employers comply with safety and health regulations for construction. *See* 29 C.F.R. § 1926. These regulations include circumstances under which employers are required to provide fall protection systems (29 C.F.R. § 1926.501); requirements for stairways and ladders (29 C.F.R. § 1926.1053), provide training, evaluation, and certifications for employees concerning industrial power truck operation (29 C.F.R. §§ 1910.178(l) and 1926.602(d)); and training programs concerning fall hazards (29 C.F.R. § 1926.503(a)(1)).

7. An employer who willfully or repeatedly violates the requirements of section 654, any standard, rule, or order promulgated pursuant to section 655, or regulations prescribed pursuant to

the Act may be assessed a civil penalty between $5,000 and $70,000 for each violation. 29 U.S.C. § 666(a).

8. An employer who has received a citation for a serious violation of the requirements of section 654, of any standard, rule, or order promulgated pursuant to section 655, or of any regulation prescribed pursuant to the Act shall be assessed a civil penalty of up to $7,000 for each such violation. 29 U.S.C. § 666(b).

9. An employer who has received a citation for a violation of the requirements of section 654, of any standard, rule, or order promulgated pursuant to section 655, or of any regulation prescribed pursuant to the Act may be assessed a civil penalty of up to $7,000 for each such violation. 29 U.S.C. § 666(c).

10. Under both the Debt Collection Act of 1982 and 29 C.F.R. Part 20, OSHA is required to assess interest in the amount of 1% annually from the date payment is due; delinquency charges; and an administrative charge of $10 for overdue penalties. If the penalty is delinquent for more than three months, a delinquent charge of 6 percent per year accruing from the date the debt became delinquent will also be assessed. Pursuant to the Debt Collection Improvement Act of 1996, OSHA transfers delinquent debts to the Department of Treasury's Bureau of Fiscal Services for collection efforts where they continue to accrue 1% interest and 6% penalty during that effort. *See* 31 U.S.C. § 3717(e).

## FACTUAL ALLEGATIONS

*i.     The First Citation (OSHA Inspection # 138704)*

11. On March 6, 2019, an OSHA inspection of Rodriguez's work site located at 1603 E. Brazos Street, Victoria, Texas 77901 identified two serious violations. Specifically, 1) workers conducted roofing activities without fall protection at a height greater than six feet in violation of 29 C.F.R.

§ 1926.501(b)(10); and 2) workers access the roof from an unsecured ladder that did not extend three feet above the landing in violation of 29 C.F.R. § 1926.1053(b)(1).

12. OSHA issued the Citation & Notification of Penalty as well as an Invoice/Debt Collection Notice on April 8, 2019 for a total penalty of $5,682.00.  *See* Exhibit 1.

13. The Citation & Notification of Penalty informed Rodriguez of the required abatement documentation and the due date for submission of that documentation.  The Citation & Notification of Penalty further informed Rodriguez he had 15 working days from the date of issuance to either submit a written contest of the proposed penalty, or to request an Informal Conference to discuss and resolve the matter with OSHA.

14. Rodriguez entered an Informal Settlement Agreement with OSHA for this citation on June 17, 2019.  As part of the agreement, Rodriguez agreed to correct the hazards identified in the citations and comply with all applicable abatement verification provisions of 29 C.F.R. § 1903.19.  *See* Exhibit 2.

15. Rodriguez and OSHA further agreed to amend the penalties for the violations identified in the Citation pursuant to OSHA Inspection #1383704 to a total of $3,000.00.  Rodriguez was to make payments in ten monthly installments of $300.00.  *See* Exhibit 2.

16. Rodriguez made an initial payment of $300 in July 2019; the next payment due on August 8, 2019 was not paid.  Rodriguez was notified of this delinquency via written correspondence dated September 23, 2019.  Per the notification letter, the matter would be referred to the National OSHA Office for further action unless the entire outstanding balance of $2,7000 was received or a new payment plan agreement was entered into within one month of Rodriguez's receipt of the notification letter.  *See* Exhibit 3.

17. Rodriguez did not enter a new payment plan agreement, nor did he pay the outstanding balance in full. Rodriguez completed additional payments of $300 prior to the debts' transfer, but these actions did not absolve him of the delinquency notice's requirements.

18. OSHA subsequently referred the debt to the Department of Treasury for further collection efforts.

19. As of October 4, 2021, the total debt owed for this Citation was $2,156.26 inclusive of penalties, interest, and fees. *See* Exhibit 4.

ii.  *The Second Citation (OSHA Inspection # 1387134)*

20. On March 20, 2019, an OSHA inspection of Rodriguez's work site located at 1810 E. Colorado Street, Victoria Texas 77901 identified a single serious violation. Specifically, workers conducted roofing activities without fall protection on a two-story apartment building, at a height greater than six feet in violation of 29 C.F.R. § 1926.501(b)(13).

21. OSHA issued the Citation & Notification of Penalty as well as an Invoice/Debt Collection Notice on April 10, 2019 for a total penalty of $3,978.00. *See* Exhibit 5.

22. The Citation & Notification of Penalty informed Rodriguez of the required abatement documentation and the due date for submission of that documentation. The Citation & Notification of Penalty further informed Rodriguez he had 15 working days from the date of issuance to either submit a written contest of the proposed penalty, or to request an Informal Conference to discuss and resolve the matter with OSHA.

23. Rodriguez failed to pay the proposed penalty or request an Informal Conference.

24. OSHA issued a Delinquency Letter to Rodriguez on June 7, 2019 informing him of delinquency in payment, the interest accruing as a result of the delinquency, and the action to be taken in the event the delinquency continued. At the time the Delinquency Letter was issued, the

debt for the second citation totaled of $3,991.32 inclusive of penalty, interest, and administrative fees.  *See* Exhibit 6.

25. OSHA subsequently referred the debt to the Department of Treasury for further collection efforts.

26. As of October 4, 2021, the total debt owed for this Citation was $4,980.88, inclusive of penalties, interest, and fees. *See* Exhibit 7.

*iii. The Third and Fourth Citations (OSHA Inspection # 1434842)*

27. On October 1, 2019, an OSHA inspection of Rodriguez's work site located at 6522 Camp Bullis Road, Bldg. 4 San Antonio, Texas 78256 identified two serious violations and a single repeat violation.  The two serious violations identified Rodriguez's employees were 1) operating a Genie Telehander 1056 to elevate a job-made wooden platform without training and certification in violation of 29 C.F.R. § 1910.178(l)(1)(i) and 29 C.F.R. § 1926.602(d); and 2) exposed to a fall hazard while working on a 2-story apartment home roof without training in recognizing fall hazards and how to minimize exposures to such hazards in violation of 29 C.F.R. § 1926.503(a)(1).

28. The repeat violation was issued as a separate citation, where OSHA's inspection determined Rodriguez's employees were exposed to a fall hazard greater than six feet while performing roofing work on an apartment home without fall protection in violation of 29 C.F.R. § 1926.501(b)(13).  The citation noted Rodriguez's previous citation for this violation during OSHA Inspection # 1434842, affirmed as a final order on May 6, 2019, with respect to the workplace located at 1810 E. Colorado Street Victoria, Texas 77901.

29. OSHA issued two Citations & Notifications of Penalties as well as an Invoice/Debt Collection Notice on November 12, 2019 for a total penalty of $15,912.00.  *See* Exhibit 8.

30. The Citations & Notifications of Penalties informed Rodriguez of the required abatement documentation and the due date for submission of that documentation. The Citation & Notification of Penalty further informed Rodriguez he had 15 working days from the date of issuance to either submit a written contest of the proposed penalty, or to request an Informal Conference to discuss and resolve the matter with OSHA.

31. Rodriguez failed to pay the proposed penalty or request an Informal Conference.

32. OSHA issued a Delinquency Letter to Rodriguez on January 30, 2020 for $15,935.26, inclusive of the penalty, interest, and administrative fee, and noting a due date of December 19, 2019. *See* Exhibit 9.

33. OSHA subsequently referred the debt to the Department of Treasury for further collection efforts.

34. As of October 4, 2021, the total debt owed for this Citation was $24,186.70 inclusive of penalties, interest, and fees. *See* Exhibit 10.

iv. *Subsequent Collection Efforts Failed; The Debts Are Referred for Litigation*

35. The Department of Treasury's Bureau of Fiscal Service attempted to collect the debts stemming from all four citations without success.

36. The debts were referred to a private collection agency under contract with the Bureau of Fiscal Service for additional collection efforts. This agency sent multiple demand letters to Rodriguez; no collections resulted.

37. As of October 21, 2020, Rodriguez's total outstanding debt for all four citations amounted to $29,262.73, including the penalties, interest, and fees assessed.

38. On October 22, 2020, the Department of Treasury referred the debts to the Department of Justice for litigation.[1]  A copy of the certificates of indebtedness establishing the basis for Rodriguez's liability for each Citation is attached as Exhibit 11.

39. The United States, through the Department of Justice, has made three separate written demands for the amount owed, but Rodriguez has not yet satisfied the debt.

40. In the interim period since the Department of Treasury referred the debts to the Department of Justice, interest, penalties, and fees have continued to accrue. As of October 4, 2021, the three debts totaled $31,321.84, including penalties, interest, and fees.  *See* Exhibits 4, 7, and 10.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully prays that the Court enter judgment in its favor and against defendant Raul Romo Rodriguez, d/b/a ANR Construction, as follows:

A.  An award of $31,323.84, plus interest since October 4, 2021 assessed at the rate of 1% per annum, and a penalty assessed at a rate of 6% per annum since October 4, 2021 against the total principal of $20,690.00, through the date judgment is entered.

B.  Post-judgment interest as permitted by 28 U.S.C. § 1961;

C.  Costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412; and

D.  Any such further relief the Court deems just and proper under the law and facts of this case.

---

[1] The Treasury referral forms refer to "three debts" despite OSHA issuing four citations.  This is because two of the citations were issued as a result of a single inspection, and the referral from OSHA to Treasury contained the sum total of the penalties for both citations under this single inspection.

Respectfully submitted,

ASHLEY C. HOFF
United States Attorney

_____
ERIN M. VAN DE WALLE
Assistant United States Attorney
Florida Bar No. 0099871
601 NW Loop 410 Suite 600
San Antonio, Texas, 78258
Tel: (210) 384-7320
Fax: (210) 38407322
Email: Erin.Van.De.Walle@usdoj.gov

*Attorneys for the United States of America*